```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
```
| | |
|---|---|
| JANIELLE J. GIAMPIETRO,<br>                    Plaintiff, | CIVIL ACTION NO. |
| -against- | **COMPLAINT** |
| OS RESTAURANT SERVICES, LLC, both Individually and D/B/A OUTBACK STEAKHOUSE, JEFF SCOTT<br>                    Defendant. | Plaintiff Demands A Trial by Jury |

```
-------------------------------------------------------------------X
```

Plaintiff, JANIELLE J. GIAMPIETRO, as and for her complaint against the above Defendant respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the New Jersey Law Against Discrimination ("NJLAD"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against, denied promotion, and retaliated against by her employer solely due to her sex and gender.

## JURISDICTION AND VENUE

2. This actions involves a question of Federal Law under Title VII of the Civil Rights Act of 1964.

3. This Court has jurisdiction Pursuant to 42 U.S.C. §12101 *et. Seq.*; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

4. Jurisdiction of this action is also conferred upon the Court as this action involves Diversity of Citizenship under 28 U.S.C. §1332.

1

5. Plaintiff is a citizen of the State of Florida. Plaintiff resides at 136 Indian Wells Avenue, Poinciana Florida, 34759.

6. At all times material, Defendant OS RESTAURANT SERVICES, LLC (herein after also referred to as "Defendant" or "Outback") was and is a foreign business corporation duly organized and existing under the laws of the State of Florida and authorized to conduct business in the State of New Jersey.

7. At all times material, Defendant Jeff Scott is a citizen of the State of New Jersey.

8. The matter in controversy exceeds $75,000.

9. Venue is proper in this district based upon the fact that Defendants' own and operate an Outback Steakhouse restaurant within Passaic County, New Jersey, State of New Jersey, within the District of New Jersey. Additionally, the events and actions giving rise to this Complaint took place within Passaic County, in the District of New Jersey.

10. On or around January 5, 2016 Plaintiff dual filed charges with the EEOC against Defendant as set forth herein.

11. On or around June 16, 2017, the EEOC issued Plaintiff a Right to Sue Letter.

12. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

**PARTIES**

13. At all times material Plaintiff, Janielle Giampietro, was and is a female individual residing in Polk County, in the State of Florida.

14. At all times material, Defendant Outback did and continues to do business as OUTBACK STEAKHOUSE.

15. At all times material, Defendants Outback owns and operates a restaurant at 191 Berdan Avenue, Wayne, Passaic County, New Jersey 07470.

16. At all times material, Defendant Jeff Scott (herein after also referred to as "Mr. Scott") was and is an employee of Defendant.

17. At all times material, Defendant Scott held supervisory authority over Plaintiff with regard to her employment.

18. At all times material, Plaintiff was employed by Defendant as a Senior Manager Representative.

## MATERIAL FACTS

19. Plaintiff began her employment with Defendants on or around August 30, 2004 as a Server in Wayne, New Jersey.

20. After approximately ten (10) months of employment with Defendants, Plaintiff was promoted to a "Key Employee" position.

21. In or around February 2008, Plaintiff began working in the Outback Steakhouse in Butler, New Jersey as a Server Trainer. Plaintiff stayed at this locations for two (2) months.

22. In or around October 2008 through October 2009, Plaintiff worked at the Outback Steakhouse in Orlando, Florida. Plaintiff was a "Server" at the Orlando location.

23. In or around October 2009 through May 2011, Plaintiff worked at the Outback Steakhouse in Wayne, New Jersey as in multiple positions, including Headwaiter, Server and Key Employee.

24. On or around May 26, 2011, Plaintiff was promoted to "Manager In-Training" at the Outback Steakhouse in Butler, New Jersey.

25. On or around August 4, 2011, Plaintiff became the "Kitchen Manager" at the Outback Steakhouse in Butler, New Jersey.

26. On or around September 2012, Plaintiff was promoted to "Front of the House Manager. "

27. On or around August 2014, Plaintiff became "Senior Manager" after completing the necessary internships as required by Defendants.

28. In or around November 2014, Plaintiff acted as "Partner" while the current "Partner" was on a month-long sabbatical.

29. During this period, Plaintiff proved that she could run a highly successful and profitable restaurant.

30. On or around January 1, 2015, Defendant Scott became Plaintiff's new Supervisor.

31. Immediately after starting with Defendants, Defendant Scott recognized the skill of Plaintiff and often referred to her as his "Number One".

32. Plaintiff prepared reports for Defendant Scott and helped him with operation meeting.

33. On or around July 2015, Plaintiff applied for an open "Partner" position at the Outback Steakhouse in Wayne, New Jersey.

34. During this time, Plaintiff was serving as the "acting" Partner at the Wayne location for two to three days per week until a new Partner was hired.

35. On July 10, 2015, Plaintiff had a five-hour interview for the "Partner" position at the Wayne, New Jersey Outback Steakhouse.

36. On or around July 27, 2015, Plaintiff was appointed "Bar Manager" for the region.

37. On or around July 30, 2015, Plaintiff interviewed for the "Partner" position for the Outback Steakhouse in Parsippany, New Jersey with Jeff Swafford.

38. On or around August 2, 2015, Plaintiff and Defendant Scott met to discuss Plaintiff's application for the "Partner" position in Butler, New Jersey.

39. At this time, Defendant Scott informed Plaintiff that she was not hired for the "Partner" position.

40. Defendant Scott repeatedly told Plaintiff "A man is more suited for the position because it was hard to run." Defendant Scott also stated to Plaintiff, "Don't worry you are young."

41. At this meeting Defendant Scott informed Plaintiff that he was transferring her to the Outback Steakhouse in Wayne, New Jersey for thirty (30) days.

42. Defendant Scott stated that those thirty (30) days would "Make or break you."

43. Plaintiff later was further informed that Defendants had promoted Plaintiff's male co-worker to the "Partner" position.

44. During the August 2, 2015 meeting, Plaintiff inquired to Defendant Scott about a "Regional Trainer" position in New Jersey. Defendant Scott stated words to the effect of, "You would be great at that, but I would be pissed if you took it."

45. Plaintiff reached out to Defendant Scott on October 18, 2015 to discuss her employment status and his decisions but Defendant Scott ignored Plaintiff's communication.

46. Defendant Scott ignored all subsequent attempts to communicate or meet with Plaintiff regarding her employment and possible available promotions.

47. Finally, on or around October 23, 2015, Defendant Scott spoke to Plaintiff. By this time the thirty (30) days had passed and Plaintiff requested an explanation of her future with Defendants.

48. Despite Defendant Scott's clear discrimination and unprofessional behavior, Plaintiff continued to work for Defendant as she had no other source of income.

49. On or around September 10, 2015, Plaintiff traveled to Suffern, New York to facilitate a certified trainer workshop.

50. Furthermore, on October 3, 2015, Plaintiff assisted with the opening of the new Outback Steakhouse in the Bronx, New York.

51. Defendant has a history of discriminating against women. In 2009, Defendant settled with the EEOC pursuant to a lawsuit filed on behalf of the female employees of Outback Steakhouse. (<u>EEOC v. Outback Steakhouse of Florida, Inc., and OS Restaurant Partners, Inc. d/b/a Outback Restaurants</u>, No. 06-cv-01935).

52. This lawsuit was intended to stop Defendant from discriminating against women in the future.

53. As part of the settlement, Defendant was placed under a four (4) year consent decree to monitor their conduct. The decree elapsed in 2013.

54. On or around December 8, 2015, Defendants constructively discharged Plaintiff. Defendants made conditions so onerous, abusive, and intolerable for Plaintiff that no woman in Plaintiff's shoes would have been expected to continue working under such conditions and such that Plaintiff's resignation was devoid of choice or free will.

55. As a result of Respondents' actions, Claimant felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

56. As a result of the acts and conduct complained of herein, Claimant has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Claimant also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Claimant has further experienced severe emotional and physical distress.

57. As Respondents' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Claimant demands Punitive Damages as against Defendants.

58. The above are just some examples of some of the discrimination and retaliation to which Respondents subjected Claimant. Upon information and belief, the discrimination and retaliation will continue after the date of this Charge and Claimant hereby makes a claim for

all continuing future harassment and retaliation.

59. The Respondents have exhibited a pattern and practice of not only discrimination but also retaliation.

60. Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

61. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and Claimant hereby makes a claim for all continuing future harassment and retaliation.

62. Claimant further claims constructive and/or actual discharge to the extent she is terminated from him position as a result of the retaliation and harassment.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

56. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

57. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices: It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

58. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender/sex.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**<u>(Not Against Individual Defendants)</u>**

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

60. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to … discriminate against any of their employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

61. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because she opposed Defendants' unlawful employment practices.

**AS A THIRD CAUSE OF ACTION**
**UNDER NEW JERSEY STATE LAW**
**<u>DISCRIMINATION</u>**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. New Jersey's Law against Discrimination Section 10:5-12(a) sets forth in pertinent part as follows: " It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of race . . , color, national origin . . , sex.. to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. New Jersey's Law against Discrimination Section 10:5-12(l) sets forth in pertinent part as follows: [i]t shall be . . . an unlawful discrimination . . . [f]or any person to refuse to buy

8

from, sell to, lease from or to, license, contract with, or trade with, provide goods, services or information to, or otherwise do business with any other person on the basis of the . . . sex . . . of such other person . . ."

65. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

66. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New Jersey's Law against Discrimination.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth that it is unlawful "[f]or any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

69. Defendants violated this section as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## AIDING AND ABETTING

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination:   e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

72. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

73. Defendants violated all other applicable sections of N.J. Stat. § 10:5-12(e) et. Seq.

74. As such, Plaintiff has been damaged as set forth herein.

## AS A SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. To prove a claim for Intentional Infliction of Emotional Distress, a plaintiff must show (1). the defendant acted recklessly or intentionally; (2). the conduct was extreme and outrageous; (3). the defendant's action was the proximate cause of the plaintiff's distress; and (4). the plaintiff actually suffered severe emotional distress. Buckley v. Trenton Saving Fund Society, 111 N.J. 355 (1988) (citing Restatement, Second, of Torts, §46 (1965)).

77. Where Defendants actions toward Plaintiff were extreme and outrageous, and caused Plaintiff to suffer severe emotional distress, Plaintiff makes a claim under New Jersey common law.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, including, but not limited to, all emotional distress, back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: September 13, 2017
Philadelphia, Pennsylvania

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

_____
Caroline H. Miller, Esquire
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790